PD-1497-15

In The Criminal
  Court of Appeals
  State of Texas

Joseph Colone
JCCF # 188462
5030 HWY 69 South
Beaumont, Tx. 77705
Nov. 13, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS
NOV 18 2015
Abel Acosta. Clerk

Attention: Clerk, Abel Acosta
RE: Case Number # 09-15-00358-CR

LETTER of REQUEST

To the Clerk of the said court:

Respectfully please find enclosed the Petitioner's... Petition for Discretionary Review, in the numbered cause [# 09-15-00358-CR].

Respectfully, I am now requesting that you please file the enclosed document, and stamp date as recieved, and filed, and please return a copy of date filed and recieved, to the address above.
I also request that the Petition for Discretionary Review be put on this Honorable Criminal Court of Appeals docket for the review and determination by the Judge or (Judges) (JJ) of said court.

I Thank you Sincerely for your assistance and time.

Respectfully Submitted,

Joseph K. Colone Jr.

11/13/2015

In the
Court of Criminal Appeals
State of Texas

NO. 09-15-00358-CR

Joseph K. Colone Jr.,
Petitioner,

V.

Jefferson County District Clerk,
Jaime Smith; and the 252ND District
Court of Jefferson County, Judge
Racquel West,

Respondents.

"Petition for Discretionary Review"
to the Court of Criminal Appeals
State of Texas

[Petitioner] Joseph K. Colone Jr.
address: JCCF #188962
5530 HWY 69 South
Beaumont, Tx. 77705.

[Counselor]:
Robert K. Loper
111 W. 15th Street
Houston, Tx. 77008
Fax # (713) 869-9912

#1 (A)

(a). Table of Contents

Identity of Parties ................................................ #1(A)

Index of Authorities ............................................ pages. 1-3

Statement of Oral Argument ............................ page 4

Statement of the Case ..................................... page 4-5

Statement of Procedural History ..................... page 6

Grounds for Review ......................................... page 6

Argument ......................................................... page 7

  #point I. .................................................... page(s) 7-8

  #point II. ................................................... page(s) 8-11

  #point III. ................................................. page(s) 12-15

Prayer for Relief ............................................. page 15(h)

Appendix
-Copy of Opinion Court of Appeals ........... (two pages) attached.

(6.) Index of Authorities _____ page

    CASES :

Barker v. Wingo, 407 U.S. 514 (1972) _____ page 10, 12, 13

Bell v. Wolfish, 441 U.S. 508, 537 N/6 (1979) _____ pg. 9

Cantu v. State, 253 S.W. 3d 273, 280-81 (Tex. Crim. App. 2008) ___ pg. 12

Chapman v. Evans, 744 S.W. 2d 133, 136-137 (Crim. App. 1988) ___ pg. 13

Click v. State, 118 Tex. Crim. 404, 407-408, 39 S.W. 2d 39, 41 (1931) ___ pg. 11

Ex Parte Hargett, 819 S.W. 2d 866 (Tex. Crim. App. 1991) ___ pg. 11

Ex Parte Villanueva, 252 S.W. 3d 391, 397 (Tex. Crim. App. 2008) ___ pg. 10

Faretta v. California, 422 U.S. 806, 95 S. Ct. 2532-33, 45 L. Ed 2d. 562 (1975) _____ pg. 8

Jaime v. State, 81 S.W. 3d. 920, 924-25 (Tex. App. El Paso 2002) ___ pg. 7

Kolpfer v. North Carolina, 386 U.S. 213, 222, 87 S. Ct. 988, 18 L. Ed (1967) _____ pg. 9

Kozacki v. Knize, 883 S.W. 2d. 760 (1994) _____ pg. 11

Lapointe v. State, 225 S.W. 3d 513, 522 (Tex. Crim. App. 2007) ___ pg. 11

Murray v. Garratano, 492 U.S. 1, 11 n.6, 109 S. Ct. 2765, 2771 n.6, 106 L. Ed. 2d 1, 12 n.6 (1989) _____ pg. 8

Padilla v. McDaniel, 122 S.W. 3d 805, 808 (Tex. Crim. App. 2008) ___ pg. 11

Procunier v. Martinez, 416 U.S. 396, 419, 94 S. Ct. 188, 1814, 40 L. Ed. 2d. 224, 243 (1974) _____ pg. 8

page

Robinson v. State, 240 S.W. 3d. 919, 920 (Tex.Crim.App.2007) — pg. 7

Robinson v. Whitley, 2F. 3d. 562, 568 (5th Cir) — pg. 12

State Ex Rel. Curry v. Davis, 689 S.W. 2d 214, 215 (Tex.Crim. App. 1984) — pg. 11

Stewart v. State, 767 S.W. 2d 455, 457 (Tex. App. Dallas-1988 pet.ref) — pg.13

United States v. Hernandez, 203 F. 3d, 614, 621 (9th Cir. 2000) — pg. 8

United States v. Lucien, 61 F. 3d 366, 371 (5th Cir. Tex. 1995) — pg. 13

United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed. 2d 468 (1971) — pg. 13

United States v. McDonald, 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed 2d 696 (1982) — pg. 14

## Constitutional Provisions, Statutes, and Rules

Tx. Crim. Code. Proc. art. 1.05 — pg. 7

Tx. Crim. Code. Proc. art. 1.08 — pg. 8

Tx. Crim. Code. Proc. art. 11.05 — pg. 10

Tx. Crim. Code. Proc. art. 11.08 — pg. 9

Tx. Crim. Code. Proc. art. 11.15 — pg. 9

Tx. Const. art. 1 § 10 — pg. 7

Tx. Const. art. 1 § 12 — pg. 8

Tx. Const. art. 1 § 19 — pg. 14, 7

Tx. Const. art. 5 § 8 — pg. 10

TEX. Gov't. Code. ANN. $24.011 _____ pg. 10

U.S. Constitution. Amend. 5 _____ pg. 14

U.S. Constitution. Amend. 6 _____ pg. 7, 14

U.S. Constitution. Amend. 14 _____ pg. 7, 14

(C). <u>Statement Requesting Oral Argument</u>

Appellate courts are free to review many, if not most types of error that would prompt sua sponte appellate attention. The error involved in this case constitutes an obvious violation of established rules, statutes, constitutional provisions, and pertinent decisions of the Supreme Court of the U.S., and of this Court of Criminal Appeals. A counsel's failure to make a oral argument is a factor that may be considered when this Court decides whether to exercise it's discretion to grant review. However, it does not bar this Court from granting review to address issues if the Court, in it's discretion, decides that review is warranted. Furthermore, an indigent petitioner is entitled to assistance of counsel, and with oral argument the Counsel can establish his existence in this matter, and show the petitioner's entitlement to Constitutional Right for Hybrid-Representation.

(d). <u>Statement of the Case</u>

This is a case where the petitioner's Constitutional Right to have a fair and speedy trial, and Due Process and Equal Protection of Law has been intentionally and directly violated. The petitioner has been illegally confined in the Jefferson County Correctional Facility, and restrained of his liberty by the State through the virtue of indictments in trial court cause NO.#'s <u>10-9680</u>, <u>10-9681</u>, <u>10-10213</u>, and has been held by the State's agent Jefferson County,

page #4

Sheriff Mitch Woods, for approximately over (5) years being denied right to trial, and is presently still being held @ the Jefferson County Correctional Facility located @ 5030 Hwy 69 South, Jefferson County, Beaumont, Tx. 77705. After (5) years awaiting trial with no explaination from the State prosecution or the Jefferson County trial officials..... the Petitioner filed (3) Writ of Habeas Corpus in the 252 District Court - Jefferson County for trial court cause No.#(s) 10-9680, 10-9681, 10-10213. Where the Writ issue's by operation of law, and the (respondents) are not allowed their discretion to refuse to issue the Writ(s).... the (respondents) failed to perform a ministerial duty. Having no other adequate legal remedy short of Mandamus, the Petitioner sought relief from the Ninth District Court of Appeals (thru) the Writ of Mandamus requesting the Court of Appeals to compel the (respondents) @ the 252 District Court - Jefferson County to issue Writ of Habeas Corpus on all (3) trial court cause No.#(s) 10-9680, 10-9681, 10-10213. The Ninth District Court of Appeals denied the Petitioner relief, and stated in their Memorandum Opinion, that the Petitioner was not entitled to Hybrid-Representation. The Petitioner moved to show the Ninth District Court of Appeals that (he) is entitled to Hybrid-Representation, and that the Court of Appeals had erred in their decision, and filed for

Motion for Rehearing and En banc Reconsideration. The Court of Appeals overruled this motion.

(e). Statement of Procedural History

(1). On the 30th day of September, 2015, the Ninth District Court of Appeals, handed down their opinion and judgment in the Petition for Writ of Mandamus.

(2). On the 9th day of October, 2015, the Petitioner filed the Motion for Rehearing and En banc Reconsideration.

(3). On the 21st day of October, 2015, the Ninth District Court of Appeals, overruled, the Petitioner's - Motion for Rehearing and En banc Reconsideration.

(f). Grounds for Review

(1). Whether the Petitioner is entitled to and has the Constitutional Right for Hybrid-Representation conflicts with decisions of other courts.

(2). Whether the District Court failed to perform a ministerial duty by the refusal to issue Writ of Habeas Corpus.

(3). Whether the Petitioner's claims Due Process violations and Speedy Trial violations raise a material issue under the Sixth and Fourteenth Amendment(s) of the U.S. Constitution.

(9). Argument

Point **I.** The Court of Appeals should not have denied relief on the Petition for Writ of Mandamus based on the petitioner's constitutional Right for Hybrid-Representation.

The Court of Appeals appears to have misconstrued affirmative statute and rule(s) of TEXAS law pursuant the Tx. Crim. Code. Proc. act. 1.05, and the Tx. Const. art. 1§10 and art. 1§19..... AS WELL, to the 6th and 14th Amendments of the U.S. Constitution. The petitioner has the Constitutional Right of being heard by himself, or thru his counsel, or by both. see» Robinson v. State, 240 S.W. 3d. 919, 920 (TEX. Crim. App. 2007) the court will hear "pro-se" motion made by defendant who has counsel. also see» Jaime v. State, 81 S.W. 3d 920, 924-25 (TEX. App. EL PASO 2002, pet. ref'd) petitioner has a clear right to raise pre-trial Writ of Habeas claims..... BECAUSE if he were not allowed to do so, those protections would be undermined if review were not permitted until after trial..... therefore, petitioner must establish his entitlement to Habeas Corpus relief. In addition, to the decision of the Court of Appeals that a defendant with counsel has no right to hybrid-representation is directly contrary to the holding of (4) Supreme Court decisions.

The Supreme Court has held that a literate, competent, and understanding defendant has the 6th and 14th Constitutional Right

to litigate on his behalf. see » _Faretta v. California_, 422 U.S. 806, 95 S. Ct. 2532-33, 45 L. Ed. 2d. 562 (1975). see » _Procunier v. Martinez_, 416 U.S. 396, 419, 94 S.Ct. 188, 1814, 40 L. Ed. 2d. 224, 243 (1974).... the right to address the courts As part of Constitutional Due Process of Law requirements. _Murray v. Garratano_, 492 U.S. 1, 11n.6, 109 S.Ct. 2765, 2771 n.6, 106 L. Ed. 2d. 1, 12 n. 6 (1989).... the right of access to courts under Due Process and Equal Protection Clauses. _United States v. Hernandez_, 203 F. 3d, 614, 621 (9th Cir. 2000).... the defendant has the clear right to raise pro-se claims, and those protections cannot be undermined. also see » _Motion for Constitutional Right for Hybrid-Representation_ filed on Court of Appeals RECORD.

Point **II**. The Writ issues by the operation of Law, and the 252cd District Court failed to perform A ministerial duty by the refusal to issue Writ of Habeas Corpus in trial court cause No. #(s) _10-9680_, _10-9681_, _10-10213_.

The duty of the District Court upon the proper motion is to grant the Writ under rules as prescribed by Law. The Writ of Habeas Corpus is A Writ of right and shall never be suspended. see » _Tx. Crim. Code. Proc. art. 1.08_, and _Tx. Const. art. 1§12_. By the governing statutes, the Writ of Habeas Corpus shall be granted

without delay by the Judge or Court recieving the petition. see» TEX. Crim. Code. Proc. art. 11.15. In all criminal prosecutions the accused have a right to Speedy Public trial, and when deprived of this Constitutional Right to a trial by Jury, and this right has otherwise been harmed.... the accused charged with a felony may petition to the judge of court where he is indicted.... pursuant Tx. Crim. Code. Proc. art. 11.08. A (5) year confinement for a pre-trial detainee awaiting trial is illegal, unlawful, unduly harsh, EXCESSIVE, and violates the defendants Due Process Clause of the 14th Amendment of the U.S. Constitution.

see» Klopfer v. North Carolina, 386 U.S. 213, 222, 87 S.Ct. 988, 18 L.Ed. (1967). Constitutional safeguards against post-accusation delay under the Sixth Amendment of U.S. Const. provides for fundamental right to Speedy trial serves to (1) minimize anxiety and concern accompanying public accusation (2) prevent undue and oppressive incarceration before trial (3) and limit the possibility that a long delay will impair the ability of an accused to present a defense, and resolve criminal charges. A (63) month duration of detention, awaiting trial crosses the threshold, punishes the pre-trial detainee, and violates Due Process. see» Bell v. Wolfish, 441 U.S. 500, 537 N/6 (1979)..... due process requires that pre-trial detainees not be punished.

where a (63) month trial delay has continued long enough to be considered punishment, it has been determined that, the court must make it's determination precedent Supreme Court requirement. see » Barker v. Wingo, 407 U.S. 514, 530, 533, 92 S.Ct. 2182, 33 L. Ed. 101 (1972). When motion has been made to A Judge under circumstances set forth, the issuance of the Writ must be granted without delay and all issues must be considered. The trial Judge of the District Courts do not have the privilege to simply enjoy the right to ignore law. The legal duty to perform A non-discretionary act leaves nothing to exercise of discretion. It's imperative and the demand for performance is A mandatory must. The District Courts of Texas have the Constitutional and Statutory authority to issue Writs of Habeas Corpus. see » Tx. Const. art. 5 § 8; Tex. Gov't. Code. Ann. § 24.011; Tx. Crim. Code. Proc. art. 11.05. Constitutional and Statutory law authorizes A trial Judge to take the initiative in order to examine situations in which the Judge has knowledge of illegal confinement or restraint. see » Ex parte Villanueva, 252 S.W. 3d. 391, 397 (Tex. Crim. App. 2008) the Writ issues by operation of law, and the Judge is not allowed his or her discretion to refuse to issue A Writ. The Writ of Habeas Corpus cannot be denied

to the defendant, for it becomes a Constitutional right. Neither can it be denied where the granting of it is made an imperative duty by statute. see » Click v. State, 118 Tex. Crim. 404, 407-408, 39 S.W. 2d 39, 41 (1931). Kozacki v. Knize, 883 S.W. 2d. 760 (1994) A court has a mandatory duty to rule on a proper motion presented to the court. Ex parte Hargett, 819 S.W. 2d 866 (TEX. Crim. App. 1991) when a trial judge refuses to issue writ, the defendant has no right to appeal. Lapointe v. State, 225 S.W. 3d 513, 522 (TEX. Crim. App. 2007) when a trial court is erroneously withholding information necessary to evaluate a petition or preventing from submitting information to evaluate and establish claims - the appellate court is directed to step in and order the trial court to correct the situation. Padilla v. McDaniel, 122 S.W. 3d 805, 808 (TEX. Crim. App. 2003) petition for a Writ of Mandamus against the Judge of a District or County court must issue. see » State ex rel. Curry v. Davis, 689 S.W. 2d 214, 215 (TEX. Crim. App. 1984). The importance is [RECOGNIZING] the difference between [issuing] a Writ of Habeas Corpus, and [granting] the relief requested in the Writ. Issuance of the Writ(s) without delay is required.

**Point III.** The Petitioner's factual claims of Due Process and Speedy Trial violation(s) raise a material issue under the Sixth and Fourteenth Amendment(s) of the U.S. Constitution.

A "material fact" is one that might affect the outcome of the trial under the governing law. _Cantu v. State_, 253 S.W. 3d 273, 280-81 (Tex. Crim. App. 2008) the right [to speedy trial] attaches once a person becomes an accused - that is, once he is arrested or charged and indicted. Supreme Court precedent requires state courts to analyze federal constitutional speedy trial claims 'on an ad hoc basis' by weighing and then balancing the four factors : (1) length of delay, (2) reason for delay, (3) assertion of the right, and (4) prejudice to the accused. see » _Barker v. Wingo_, 407 U.S. 514 (1972). When a trial court is presented with the proper motion alleging unconstitutional pre-trial claims that are in direct violation of the Tx. and U.S. Constitution, the trial judge of the District Court has the legal duty to examine claims and must act as the fact finder with regard to the issues presented. A 17-month trial delay is unreasonable enough to be "presumptively prejudicial," and in the Petitioner's case a (63)-month trial delay ceases the threshold level regarding as "presumptively prejudicial." see » _Robinson v. Whitley_, 2 F 3d. 562, 568 (5th Cir.)

Both the trial court and the State prosecution are under a positive duty to prevent unreasonable delay(s). see » _Chapman v. Evans_, 744 S.W. 2d 133, 136-137 (Crim. App. 1988). Here the delay(s) of the petitioner's trial rest ultimately with the Government, and not with the Petitioner. The State prosecutor has intentionally caused the lengthy (5) year delay in order to obtain a tactical advantage, and the petitioner has presented claims - that the delay is so prejudicial that it has impaired his defense, and injured his right to a fair trial, and claims Due Process violations. see » _United States v. Marion_, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed. 2d. 468 (1971). The 5th Circuit generally requires one-year to trigger a Speedy Trial analysis. see » _United States v. Lucien_, 61 F. 3d 366, 371 (5th Cir. Tex. 1995). It has been determined that the trial court must make it's determination on a case by case basis. see » _Barker v. Wingo_, 407 U.S. 514, 530, 533, 92 S.Ct. 2182, 33 L. Ed. 101 (1972). Speedy trial rights attaches under presentment of indictment. see » _Stewart v. State_, 767 S.W. 2d 455, 457 (Tex. App. Dallas 1988, pet. ref). The Petitioner further claims that the Probable Cause used by the State's attorney to indict the petitioner in cause No. #(S) 10-9680, 10-9681, 10-10213..... is inquestion, and that the identification procedure was so unnecessarily suggestive and conducive to irreparable mistaken identification, that he has been denied "Due Process" of law.

The State prosecution has not moved in (5) years in the cause no. #(s) 10-9680, 10-9681, 10-10213..... because the information supporting the prosecution of the States allegations are unauthentic, inaccurate, unreliable, and lacking credibility. The State cannot justify the arrest of the Petitioner, nor the length of the (5) year trial delay. Impermissible i.d. procedures were used in the arrest of the Petitioner, and the State has attempted to suppress these facts and even secrete witnesses capable of establishing the Petitioner's innocence. In the light of the prosecutor's failure to carry-out obligated duties as officials of the State under oath to uphold law, the petitioner's Constitutional Right to a fair and speedy trial has been violated, and for (5) years the petitioner has been deprived this benefit and protection guaranteed by law. see » Tex. Const. art. 1 § 19; and the 5th, 6th, 14th Amendment(s) of the U.S. Const. The rationality for the Constitutional Right to Speedy Trial is designed to (1) minimize the possibility of lengthy incarceration before trial, (2) reduce the impairment of liberty imposed by bond, (3) shorten the disruption of life caused by an arrest, and (4) existence of unresolved criminal charges. see » United States v. McDonald, 456 U.S. 1, 8, 102 S.Ct. 1497, 71 L.Ed. 2d 696 (1982).

Due to the reason(s) set forth, the Petitioner has moved the District Court to hold a hearing on merits, and where actual

page # 14

bias and unrepairable prejudice exists, the Petitioner has sought mandamus relief. The Petitioner does not have any fair assurance that these constitutional violations will not influence the jury, even if only slightly or cause a injurious effect in the face of trial. The nature of these constitutional violations far outweights any probative value of the State's baseless claims in cause no. #(s) 10-9680, 10-9681, 10-10213 ..... and directly chills the Petitioners right to a fair speedy trial and the Due Process and Equal Protection of Law. Whether, the Petitioner's constitutional rights were violated under the Sixth and Fourteenth Amendments of the U.S. Constitution must be analyzed under the Speedy Trial claims. The Prima-Facie has been made, and evidence clearly shows the great weight of the State's bad faith and official negligence for (5) years. No prove entitlement to mandamus relief on this ground, the Petitioner should not have had to prove that a (5) year trial delay violates his constitutional right to a fair and speedy trial..... where the showing that his arrest was so seriously flawed by impermissible i.d. procedures that without hearing it would affect his substantial and fundamental right to a fair trial.

Based on the lower court(s) in-action this appellate court has the power and authority to act appropriately to ensure that the Petitioners rights are protected.

page #15

(h). Prayer for Relief

Wherefore, Premises Considered, Joseph K. Colone Jr., the Petitioner in good-faith seeks relief, and prays that this Honorable Court of Criminal Appeals and each Judge thereof exercises the power of supervision and authority over the lower court @ the 252 District Court of Jefferson County, TEXAS..... and in prayer, humbly prays that this Honorable Court grants this "Petition for Discretionary Review", and cause the issuance of the Writ of Habeas Corpus in the (3) trial court cause No. #(S) 10-9680, 10-9681, 10-10213..... or dismissal of prosecution w/prejudice.

Respectfully Submitted,

Joseph K. Colone Jr.
JOSEPH K. COLONE Jr. (petitioner)

"Unsworn Declaration"

I, Joseph K. Colone Jr., being presently incarcerated in the Jefferson County Correctional Facility in Jefferson, TEXAS, declare under penalty of perjury that the foregoing is true and correct.

Executed this date: November 13th, 2015.

Joseph K. Colone Jr.
JOSEPH K. COLONE Jr.

"Certification"

I, Joseph K. Colone Jr., do hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review has been served by the placement of the same in the U.S. mail, certified, return reciept requested, postage prepaid, on this date November 13, 2015, addressed to:

Joseph K. Colone Jr.
JOSEPH K. COLONE Jr.

Clerk, Abel Acosta
201 West 14th Street, Room #106
Austin, Tx. 78701
ccm# 7001 2510 0001 0124 7018      page #15(h)

# In The
## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-15-00358-CR
_____

## IN RE JOSEPH K. COLONE JR.

_____

### Original Proceeding
### 252nd District Court of Jefferson County, Texas
### Trial Cause Nos. 10-9680, 10-9681, 10-10213
_____

## MEMORANDUM OPINION

Relator Joseph K. Colone Jr. filed a *pro se* petition for writ of mandamus, in which he alleges that he has been confined awaiting trial for approximately five years, and that after he filed a petition for writ of habeas corpus in each case, the trial court refused to issue the writs. In his prayer, Colone asks this Court to compel the trial judge to issue a writ of habeas corpus as to all three cases. In response, the State points out that Colone is represented by counsel in each case, and, therefore, the trial court was not obligated to rule on Colone's *pro se* petitions for writ of habeas corpus because Colone is not entitled to hybrid representation.

1

Colone has not demonstrated that he is clearly entitled to mandamus relief from this Court. *See State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.). Accordingly, we deny relief on the petition for writ of mandamus.

PETITION DENIED.


PER CURIAM


Submitted on September 16, 2015
Opinion Delivered September 30, 2015
Do not publish

Before Kreger, Horton, and Johnson, JJ.

2